Filed 7/20/15  In re D.R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
| --- | --- |
| In re D.R., a Person Coming Under the Juvenile Court Law. | D067669 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. DORIS R., Defendant and Appellant. | (Super. Ct. No. NJ14935) |


APPEAL from an order of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Reversed in part with directions.


Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Doris R. (Mother) appeals from the dispositional order of the juvenile court on a juvenile dependency petition filed by the San Diego Health and Human Services Agency (the Agency) on behalf of her minor child, 10-year-old D.R. She contends the Agency failed to make a proper inquiry of D.R.'s Indian ancestry under the Indian Child Welfare Act (ICWA, 25 U.S.C. § 1901 et seq.). She asserts the alleged failures were prejudicial and requests that the matter be remanded with instructions to the lower court for compliance with ICWA inquiry and notice. We conclude the Agency did not make a sufficient inquiry regarding D.R.'s possible Indian ancestry, conditionally reverse the order and remand the case with directions to the juvenile court to ensure full compliance with ICWA.

FACTUAL AND PROCEDURAL BACKGROUND

In light of the sole issue raised on appeal, we give the facts in summary form. In July 2014, the Agency filed a petition alleging D.R. was at substantial risk of serious physical harm under Welfare and Institutions Code section 300, subdivisions (b) and (g) due to Mother's mental illness and substance abuse. (Undesignated statutory references are to the Welfare and Institutions Code.) The petition further alleged D.R. was left in the care of a maternal uncle who failed to provide him with necessities and proper care and supervision. The maternal great-grandmother, reported that she thought the family had Indian blood, and " 'thought it was Cherokee,' " but there was no known enrollment for anyone in the family. The parents denied having any Indian heritage. The parents and the maternal great-grandmother all denied that family members had ever participated

2

in tribal or cultural activities, spoke a native language, lived in an Indian community or on a reservation, or received tribal services, such as medical, educational, or financial.

At the jurisdictional hearing, the juvenile court found ICWA did not apply. None of the parties objected to this finding. At the contested dispositional hearing, the court concluded reasonable inquiry had been made to determine whether D.R. may be an Indian child, that ICWA notice was not required and ICWA did not apply. The court removed D.R. from Mother and found it would be detrimental to place D.R. with the father. The court denied Mother reunification services, but ordered services for the father. Mother timely appealed.

DISCUSSION

Mother contends the maternal great-grandmother's disclosure she may have Cherokee heritage meets the minimal showing required to trigger the ICWA inquiry and notice requirements. Accordingly, she asserts the Agency was required to make further inquiry and provide all available information to the tribe in order to effectuate meaningful notice; however, the Agency failed to inquire with the maternal relatives regarding possible Indian heritage. The Agency submits Mother should be precluded from raising an ICWA claim because she did not object to the juvenile court's ICWA finding. Assuming we consider the merits, the Agency submits the juvenile court met its initial duty of inquiry as to ICWA and there was no duty of further inquiry or notice under ICWA. We reject the Agency's forfeiture argument. We also conclude the Agency's inquiry was inadequate, but when remedied, may obviate the need for notice.

The recently updated "Guidelines for State Courts and Agencies in Indian Child Custody Proceedings" (Guidelines) provide that tribes have the sole jurisdiction and authority to determine whether a child is eligible for membership. (Guidelines, 80 Fed. Reg. 10146-02 (Feb. 25, 2015), § B.3(b) & (c), p. 10153.) Tribes that are not notified of dependency proceedings cannot assert their rights under ICWA. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 739.) "Under these circumstances, it would be contrary to the terms of the Act to conclude . . . that parental inaction could excuse the failure of the juvenile court to ensure that notice under the Act was provided to the Indian tribe named in the proceeding." (*Ibid.*) Thus, parents in a dependency proceeding are permitted to raise ICWA notice issues on appeal even where no mention was made of the issue in the juvenile court. (*In re Alice M.* (2008) 161 Cal.App.4th 1189, 1195.) Accordingly, we reject the Agency's assertion that Mother forfeited any ICWA issue when she failed to object to the juvenile court's ICWA finding.

The notice requirements of ICWA are implemented through section 224.2 and California Rules of Court, rule 5.481(b), the latter of which provides that after the filing of a section 300 petition, the Agency must send ICWA notice to the Indian child's tribe if it is known or there is reason to know that an Indian child is involved in a dependency proceeding. (§ 224.2, subd. (a); Guidelines at § A.3(c) & (d), p. 10152.) Circumstances that may give the court or the Agency reason to believe that a child is an Indian child include a party's statement, or provision of information suggesting, that the child is an Indian child. (§ 224.3, subd. (b)(1); Cal. Rules of Court, rule 5.481(a)(5)(A).)

4

If the Agency has reason to know that an Indian child may be involved in dependency proceedings, it must take various steps to determine whether the child has Native American ancestry, including interviewing extended family members. (Cal. Rules of Court, rule 5.481(a)(4)(A).) "[E]xtended family member[s]" include a grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent. (25 U.S.C. § 1903(2).) If the inquiry leads the social worker or the court to know or have reason to know a Native American child is involved, the social worker must provide notice to the tribe and the Bureau of Indian Affairs. (§ 224.3, subd. (d); *In re Shane G.* (2008) 166 Cal.App.4th 1532, 1538-1539.) More than a "bare suggestion" of Native American ancestry is needed before notice is required. (*In re Jeremiah G.* (2009) 172 Cal.App.4th 1514, 1520.)

Here, the maternal great-grandmother's statement that she thought the family had Indian blood, and she " 'thought it was Cherokee,' " was sufficient to give the Agency reason to believe that D.R. might be an Indian child. Accordingly, the Agency had a duty to make further inquiries regarding D.R.'s status by interviewing extended family members. (§ 224.3, subd. (c).) Although the Agency had spoken to a maternal aunt regarding placement and also interviewed a maternal uncle about the case, there is no indication in the record that these relatives were ever asked about D.R.'s Indian heritage, if any. Nor is there any indication the Agency inquired of the maternal great-grandmother whether she had contact information for other extended family members that might have information about possible Indian heritage. On this record, we conclude

the Agency did not conduct a proper inquiry to determine whether D.R. was a Native American child within the meaning of ICWA.

If, after further inquiry, no additional information is available to support the maternal great-grandmother's bare suggestion of Indian heritage, we conclude notice was not required and affirm the juvenile court's ICWA finding and the dispositional order.  (§ 224.2, subd. (a); *In re J.D.* (2010) 189 Cal.App.4th 118, 125 [an attenuated, speculative or vague claim of Indian heritage is insufficient to trigger notice requirements under ICWA].)  If, however, new information is obtained supporting the material great-grandmother's suggestion that D.R. has Indian heritage, that information must be included in notices to the relevant tribes and the Bureau of Indian Affairs.

DISPOSITION

The ICWA finding and dispositional order are conditionally reversed. The matter is remanded for the limited purpose of conducting further inquiry with extended family members regarding possible Indian heritage. If, after proper inquiry, the Agency determines there is no tribe to which notice can be sent, the orders shall be reinstated. If the Agency's inquiry discloses a tribe which can be noticed, proper notice with all known ancestral information shall be sent. Thereafter, if there is no response or if the tribe determines the minor is not an Indian child, the orders shall be reinstated. However, if the tribe determines the minor is an Indian child and the court determines ICWA applies to this case, the juvenile court is ordered to conduct a disposition hearing in conformance with all provisions of ICWA.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

7